PEOPLE ex rel. RECORD PUB. CO. et al. v. COMMON COUNCIL OF CITY
OF MT. VERNON et al.

(Supreme Court, Appellate Division, Second Department.   November 21, 1899.)

OFFICIAL NEWSPAPERS—DESIGNATION.

    Under Laws 1892, c. 182, § 166, subd. 59, giving the common council of a city full power to designate two official newspapers, which "shall be selected from the newspapers   *   *   *   allied to and supporting different political parties," and providing that in making such selection each member of the common council may designate one newspaper, and the two newspapers receiving the largest number of votes shall be selected as such official newspapers, provided that they are opposite, as aforesaid, and, if they are not opposite in politics, the designation shall be a nullity,—three papers having been voted for, two Republican and one Democratic, the latter, though receiving the least votes, is properly designated as one of the official newspapers.

Appeal from special term, Westchester county.

Mandamus proceedings by the people, on the relation of the Record Publishing Company and another, against the common council of the city of Mt. Vernon and others.   From an order denying a motion for a peremptory writ, relators appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Isaac N. Mills, for appellants.

William J. Marshall, for respondent common council of city of Mt. Vernon.

George C. Appell, for respondents William B. and Edmund G. Sutherland and Mt. Vernon News Pub. Co.

WOODWARD, J.   There is no material dispute as to the facts involved in this appeal.   The question of law arises under the provisions of subdivision 59 of section 166 of chapter 182 of the Laws of 1892, being the charter of the city of Mt. Vernon.   Section 166 of this charter is devoted to the powers and duties of the common council, and in the first clause it is stated, among other things, that the "common council shall have full power" to do the things enumerated in the following subdivisions.   Subdivision 59 provides as follows:

"To designate two newspapers of said city within three months after the annual city election in each year, for the publication of all ordinances, by-laws, rules, regulations, official notices, business and proceedings of the common council, and city government and officials; which said newspapers shall be selected from the newspapers of said city which are allied to and supporting different political parties.   In making such selection each member of the common council may designate one newspaper, and the two newspapers receiving the largest number of votes or designations shall be selected and designated as such official newspapers of the city for the ensuing year, provided that they are opposite as aforesaid, and if they are not opposite in politics the designation shall be a nullity."

In the present year the common council met in regular session within the three months following the annual election, and proceeded to designate two official papers.   In doing so, each of the ten members of the body voted for one newspaper, the result being that the Chronicle-Record received four votes;  the Republican, of the same

political party, received five votes; and the News, of an opposite political party, received one vote. Upon the result being canvassed and announced,. the mayor of the city, acting as president of the common council, declared that the Republican and the News had been and were designated as the official newspapers of the said city for the ensuing year. This announcement was not questioned by any one, and the two newspapers were accepted as the official newspapers of the city. Subsequently this proceeding was instituted, the relators urging that the newspapers were not legally designated, as the News did not have the second largest number of votes cast on the ballot. On the argument at special term the learned court denied the motion, holding that the end contemplated by the statute—the choice of two newspapers of opposite political faith—had been reached, and that the law was satisfied. This conclusion seems to be fully sustained by reason, and no considerations. of public policy demand that this court shall interfere in what appears to be a factional quarrel in the city of Mt. Vernon. The statute says that the common council "shall have full power * * * to designate two newspapers" as the official newspapers of the city. The action in designating the newspapers, in the last analysis, is that of the common council. After giving the common council full power to make this designation, the statute further provides that it must be done from among "the newspapers of said city which are allied to and supporting different political parties." There must be two classes from which the selection shall be made. The statute then proceeds to say that in making, not the designation, but "such selection, each member of the common council may designate one newspaper, and the two newspapers receiving the largest number of votes or designations shall be selected and designated as such official newspapers." This is, however, limited by the proviso "that they are opposite as aforesaid, and if they are not opposite in politics the designation shall be a nullity." Obviously, if the common council had attempted to make the two papers which received the "largest number of votes or designations" the official papers, its action would have been a nullity; the papers would not have been "opposite in politics." The statute having made two classes from which the selection could be made, and having restricted each member to a single choice,. the fair reading of the provision is that the two papers of opposite politics receiving the largest number of votes or designations shall be designated. This meets the fundamental requirement of the statute that the newspapers shall represent opposite political parties. Both of the Republican newspapers were not eligible as official newspapers at the same time; only that one which received the "largest number of votes" had any rights in the matter, and the newspaper of the opposite political faith which had the largest number of votes in its class was equally entitled to the designation which was finally made by the common council, which body is given "full power * * * to designate" the official papers, subject to the provisions that they shall be published in the city of Mt. Vernon, and shall be of opposite political parties. Both of the designated newspapers were published in Mt. Vernon; both were eligible, as being of opposite political parties; both received

"the largest number of votes or designations" in their respective classes, and they were finally designated by the common council, through the action of their presiding officer; and it would be an unwarranted interference on the part of this court to permit a peremptory writ of mandamus to issue under the circumstances. It will be observed that the statute does not insist upon anything in the designation except that "they are opposite as aforesaid." There is nothing to indicate that there was any intention on the part of the legislature that the designation made by the common council should be void because of any failure to follow the method pointed out for selecting the newspapers as between themselves, but "if they [the newspapers] are not opposite in politics the designation shall be a nullity." That is the only condition under which the designation is to become a nullity, and it is not contended, in the matter now before us, that the newspapers designated by the common council of the city of Mt. Vernon are not of opposite political parties.

The order appealed from should be affirmed, with costs. All concur.